IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENERAL MOTORS LLC,<br><br>                                  Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>                                  Defendants. | Case No. 22-cv-02880<br><br>**Judge Martha M. Pacold**<br><br>**Magistrate Judge Sheila M. Finnegan** |

**EXTENSION OF TEMPORARY RESTRAINING ORDER**

THIS CAUSE being before the Court on Plaintiff General Motors LLC's ("Plaintiff" or "GM") *Ex Parte* Motion to Extend the Temporary Restraining Order against the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint (the "Seller Aliases"), and this Court having heard the evidence before it hereby GRANTS Plaintiff's *Ex Parte* Motion and orders that the Temporary Restraining Order ("TRO") entered on June 9, 2022, shall be extended for a period of fourteen (14) days until July 7, 2022, and shall apply to the Defendants identified in Schedule A attached to the TRO.

Rule 65(b)(2) states that a temporary restraining order entered without notice may be extended provided a party can show, prior to expiration of the order, good cause for such an extension. Fed. R. Civ. P. 65(b)(2). This Court finds good cause for an extension and that additional time is needed before a preliminary injunction hearing can be held in this case for at least the reasons stated herein. Specific facts in the Declaration of Jake M. Christensen showed that additional time is needed for third parties to comply with the TRO. Good cause also exists

---

[1] The e-commerce store urls are listed on Schedule A to the TRO under the Online Marketplaces.

for the extension because there is a high probability that the Defendants will continue to harm Plaintiff without the TRO in place. Specifically, Defendants will likely attempt to move any assets from their financial accounts to offshore bank accounts. As found by the Court in granting the TRO, this possibility of harm is significant. Accordingly, in the interest of justice, extension of the TRO is necessary.

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declaration of Andrea Ankawi included with Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to offshore accounts. As this Court and other courts have recognized, proceedings against those who deliberately traffic in counterfeit merchandise are often useless if notice is given to the adverse party. Accordingly, this Court orders that the TRO shall be extended for a period of fourteen (14) days until July 7, 2022.

ENTERED this 21st day of June 2022.

/s/ Martha M. Pacold
Martha M. Pacold
United States District Judge