IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENERAL MOTORS LLC,<br><br>      Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>      Defendants. | Case No. 22-cv-02880<br><br>**Judge Martha M. Pacold**<br><br>**Magistrate Judge Sheila M. Finnegan** |

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 37**

Plaintiff General Motors LLC ("Plaintiff"), by its counsel, moves this Honorable Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to strike Defendants MonsterKing and JFJEWER ("Defendant") Answer and Affirmative Defenses to Plaintiff's Complaint [67] (the "Answer").

**BACKGROUND**

On June 9, 2022, this Court granted Plaintiff's Motion for Entry of a Temporary Restraining Order [22]. Paragraph 3 of the Temporary Restraining Order permitted Plaintiff to issue expedited written discovery to Defendants via e-mail, with Defendants' responses due within thirty business days. [22] at ¶ 3. This Court subsequently entered a Preliminary Injunction on July 14, 2022 [42], paragraph 6 of which permitted Plaintiff to issue expedited written discovery to Defendants via email, with responses also due within 30 days [42] at ¶ 6. On September 1, 2022, Defendants, through their counsel, filed their Answer [67] to Plaintiff's Complaint [1].

1

On June 30, 2022, pursuant to the Temporary Restraining Order [22] and Preliminary Injunction [42], Plaintiff served its First Set of Interrogatories ("Interrogatories"), First Set of Requests for Admissions ("RFAs"), and First Set of Requests for Production ("RFPs") (collectively, "Plaintiff's Discovery Requests") on Defendants. *See* Declaration of Jake M. Christensen (the "Christensen Decl.") at ¶ 2. The response deadline to Plaintiff's Discovery Requests elapsed on August 1, 2022. Defendants failed to serve any response to Plaintiff's Discovery Requests. Christensen Decl. at ¶ 3.

## Local Rule 37.2 Meet and Confer Certification

On September 1, 2022, Plaintiff sent an email to Defendants requesting a Local Rule 37.2 meet-and-confer conference for that same day, and the parties agreed to speak at 3:30pm E.S.T. Christensen Decl. at ¶ 4. Defendants, through their counsel, appeared at the meet-and-confer where Plaintiff advised Defendants that the deadline for responding to Plaintiff's Discovery Requests had long since elapsed. *Id*. As of the filing of this Motion, Defendants have still not produced any documents nor served any responses to Plaintiff's Discovery Requests. *Id.* at ¶ 3. Plaintiff certifies that the movant has in good faith attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

## ARGUMENT

I.  **Legal Standard**

Rule 37 provides that a court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response. Fed. R. Civ. P. 37(d)(1)(A)(ii). Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). This includes, among other sanctions, striking a pleading. Fed. R. Civ. P. 37(b)(2)(A)(iii). Rule 37(d) also mandates that the noncompliant party and/or his counsel "pay the reasonable expenses, including

attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

"Judges must be able to enforce deadlines. Doing so means the use of sanctions, even severe ones such as default, when parties ignore the ongoing proceedings . . ." *Patterson v. Coca-Cola Bottling Co.*, 852 280, 283 (7th Cir. 1998) (citing *Matter of Kilgus*, 811 F.2d 1112, 1118 (7th Cir. 1987)). Moreover, federal courts have the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," which encompasses "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Domanus v. Lewicki*, 288 F.R.D. 416, 419 (N.D. Ill. 2013), *aff'd*, 742 F.3d 290 (7th Cir. 2014).

## II. Defendants' Answer Should be Stricken

Sanctions under Rule 37 "are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant." *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 671 (7th Cir. 1996). In this case, Defendants failed to respond to discovery requests as required under the Federal Rules of Civil Procedure and in violation of the Court's Order [34]. *See Webb v. CBS Broadcasting, Inc.*, 2010 WL 2104179 (N.D. Ill. May 25, 2010) (requiring party to show cause why they should not be barred from presenting evidence after that party failed to meet discovery deadlines and had "not produced a single document in response to any of [movant's] requests"). Striking Defendants' Answer is a properly tailored sanction and authorized under Rule 37(d)(1)(A)(ii). *Dyson Tech. Limited v. The Partnerships et. Al*, No. 21-cv-6103, 2 (N.D. Ill. Jul. 25, 2022) (granting plaintiff's motion for sanctions and finding that "striking defendant's answer is an appropriate remedy for defendant's failure to comply with a discovery request"); *see also Rimowa GmbH v. The Partnerships, et al.*, No. 21-cv-04865 (N.D. Ill. Jan. 26, 2022) (unpublished) (Docket No. 88) (denying defendants' motion to dismiss as a sanction for failing

to respond to discovery requests). Plaintiff is also entitled to reasonable expenses, including attorney's fees. *See* Fed. R. Civ. P. 37(b)(2)(C); 37(d)(3).

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court strike Defendants Answer as a sanction pursuant to Fed. R. Civ. P. 37.

Dated this 8th day of September 2022.   Respectfully submitted,

/s/ Jake M. Christensen
Amy C. Ziegler
Justin R. Gaudio
Jake M. Christensen
Rachel S. Miller
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
rmiller@gbc.law

*Counsel for Plaintiff General Motors LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of September 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of Electronic Filing" to the attorneys of record.

/s/ Jake M. Christensen
Amy C. Ziegler
Justin R. Gaudio
Jake M. Christensen
Rachel S. Miller
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
rmiller@gbc.law

*Counsel for Plaintiff General Motors LLC*