Exhibit 1

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Rimowa GmbH

Plaintiff,

v.

The Partnerships and Unincorporated Associations
Identified on Schedule "A", et al.

Case No.:
1:21−cv−04865
Honorable John Robert
Blakey

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, January 26, 2022:

     MINUTE entry before the Honorable John Robert Blakey: On 11/17/21, Defendants AnShuo Phone Accessories Store, Shop5593370 Store, and Xiao Zhiqun moved to dismiss this case for lack of personal jurisdiction, [57]. The Court set an extended briefing schedule to allow Plaintiff to conduct limited jurisdictional discovery, see [65]. Defendant resisted such discovery, see [66], [79], and has refused to respond to Plaintiff's requests for same. On 1/5/22, Plaintiff moved for sanctions, see [84]. The Court ordered Defendants to respond to the sanctions motion by 1/19/22, and, once again, Defendants failed to comply. Accordingly, the Court grants Plaintiff's motion for sanctions [84] and denies Defendants' motion to dismiss as a sanction for failing to comply with Court orders. The Court declines to award fees. The Court directs the Clerk to terminate [58] as a pending motion, as the Court granted the motion on 11/22/21, see [63]. Plaintiff shall file an updated status report by 2/10/22 proposing next steps to bring this case to a close. Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DYSON TECHNOLOGY LIMITED,

    Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

    Defendant.

No. 21-cv-06103

Judge John F. Kness

## ORDER

Plaintiff Dyson Technology Limited's motion for sanctions (Dkt. 46) is granted. Defendant Jeeti813's Answer (Dkt. 36) is stricken. See accompanying Statement for details.

## STATEMENT

On February 28, 2022, the Court, on Plaintiff's motion, entered a preliminary injunction. (Dkt. 34.) Paragraph 6 of that injunction allowed Plaintiff to serve expedited written discovery on Defendants via e-mail. (Dkt. 34 ¶ 6.) Counsel for Defendant Jeeti813 filed an appearance (Dkt. 35), and on March 1, 2022, Defendant Jeeti813 filed its Answer to the complaint. (Dkt. 36.) Counsel for Jeeti813 later moved to withdraw, and the Court granted that motion. (Dkt. 44; Dkt. 45.)

Plaintiff served its first set of discovery requests on Defendant on May 10, 2022. (Dkt. 46-1 ¶ 2.) The deadline to respond to those requests elapsed on May 24, 2022. (Dkt. 46 at 2.) Defendant failed to respond to any of those requests, and Plaintiff emailed Defendant setting a Local Rule 37.2 conference for May 31, 2022. (*Id.*) Plaintiff also offered Defendant the opportunity for Defendant to provide alternative availability by June 2, 2022. (*Id.*) Defendant again failed to respond—and still has not responded to any of the discovery requests. (Dkt 46 at 2; Dkt. 46-1 ¶ 4.)

Rule 37 of the Federal Rules of Civil Procedure allows a court to order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). That list of available

sanctions includes the striking of a pleading. Fed. R. Civ. P. 37(b)(2)(A)(iii). Rule 37(d) also mandates that the noncompliant party "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The Court may sanction a party under Rule 37 on the finding of "willfulness, bad faith, or fault on the part of the noncomplying litigant." *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 671 (7th Cir. 1996).

Beyond Rule 37, courts have the inherent power to impose sanctions for abuse of the judicial system. *Foltin v. Ugarte*, 2011 WL 13135984, at *6 (N.D. Ill. Oct. 12, 2011); *Danis v. USN Communications, Inc.*, 2000 WL 1694325, at *30 (N.D. Ill. Oct. 20, 2000). That power is based in the need for courts to manage their own dockets to ensure the expeditious resolution of cases. *Foltin*, 2011 WL 13135984, at *6 (citing *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993)). Regardless, whether the party's conduct is sanctionable under Rule 37 or the Court's own authority does not matter, because the analysis for imposing sanctions under either standard is "essentially the same." *Danis*, 2000 WL 1694325, at *30 (quoting *Cobell v. Babbit*, 37 F. Supp. 2d 6, 18 (D.D.C. 1999)).

Defendant has failed to respond to discovery requests as required both by the Federal Rules of Civil Procedure and the Court's preliminary injunction order. (*See*, *e.g.*, Dkt. 34.) Despite repeated communications from Plaintiff, Defendant appears to have ceased participating in this case; indeed, Defendant failed to appear at a hearing at which Defendant could have explained why sanctions are inappropriate. (*See* Dkt. 49.) In the Court's view, Defendant's refusal to participate in this litigation is willful. At the least, Defendant—"the noncomplying litigant," *Melendez*, 79 F.3d at 671—is at fault such that a sanction under Rule 37 is appropriate. Based on the Court's authority, Rule 37(b)(2)(A)(iii), and Plaintiff's arguments, therefore, the Court finds that striking Defendant's answer is an appropriate remedy for Defendant's failure to comply with a discovery request. Accordingly, Plaintiff's motion for sanctions (Dkt. 46) is granted, and the Court strikes Defendant Jeeti813's Answer.

SO ORDERED in No. 21-cv-06103.

Date: July 25, 2022

_____
JOHN F. KNESS
United States District Judge